UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TECHNOLOGICAL MEDICAL
ADVANCEMENTS, LLC,

    *Plaintiff,*

    v.

WUHAN GIGAA OPTRONICS
TECHNOLOGY CO., LTD; and
CHARLES VORWALLER,

    *Defendants.*

CASE NO: 18-81674-CIV-ROSENBERG

## MEMORANDUM OF LAW AND MOTION FOR FINAL DEFAULT JUDGMENT

By and through its undersigned attorneys, Plaintiff, Technological Medical Advancements, LLC ("TMA" or "Plaintiff"), pursuant to Fed. R. Civ. P. 55, the Court's Order dated January 25, 2019 (D.E. 17), the Clerk's Entry of Default filed January 29, 2019 (D.E. 19), the Court's Order dated February 11, 2019 (D.E. 25), and the Court's Order dated September 25, 2019 (D.E. 50), asks the Court to enter a final default judgment against Defendant Wuhan Gigaa Optronics Technology Co., Ltd. ("Gigaa") for failure to plead or otherwise defend.

**I.**      **Procedural Posture**

1.      On December 6, 2018, TMA filed a complaint against Defendants Gigaa and Charles Vorwaller ("Vorwaller") alleging claims for breach of contract against Gigaa and claims for tortious interference against Vorwaller (D.E. 1).

2.      On December 20, 2018, TMA filed an amended complaint asserting the same substantive claims against Gigaa and Vorwaller as were set forth in the original complaint (D.E. 5).

3.      On January 24, 2019, the Court entered an order directing TMA to file Motion for

1

Entry of Clerk's Default as to Gigaa on or before January 30, 2019 (D.E. 17).

4. On January 28, 2019, TMA filed a Motion for Entry of Clerk's Default as to Gigaa (D.E. 18).

5. On January 29, 2019, the Clerk entered default against Gigaa (D.E. 19).

6. On February 11, 2019, TMA filed a Motion for Entry of Final Judgment by Default against Gigaa (D.E. 24).

7. On February 11, 2019, the Court entered an order denying TMA's Motion for Entry of Final Judgment by Default without prejudice because the Court determined that a final judgment could not be entered while TMA's claims against Vorwaller remained pending (D.E. 25).

8. On May 6, 2019, TMA and Vorwaller participated in a mediation which resulted in the execution of a Mediation Settlement Agreement.

9. On September 12, 2019, TMA and Vorwaller, pursuant to the terms of a Confidential Settlement Agreement, filed a Joint Stipulation for the Dismissal of Vorwaller with Prejudice and the Continuation of the Case Against Gigaa (D.E. 49).

10. On September 25, 2019, the Court approved the stipulation and ordered TMA to file for the entry of a final judgment by default against Gigaa on or before October 25, 2019 (D.E. 50).

11. As of the date of this filing, Gigaa has not filed a response to TMA's amended complaint nor has counsel entered appearance on behalf of Gigaa.

## II. **Default Judgment Standard**

12. A party may apply for a default judgment after a clerk's default has been entered. *Sterling Nat'l Mort., Co. v. Infinite Title Solutions, LLC*, 2011 WL 1303225 *1, *6 (S.D. Fla. Mar. 4, 2011). "Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized

to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Transamerica Corp. v. Moniker Online Services, LLC*, 2010 WL 1416979 *1, *4 (S.D. Fla. Apr. 7, 2010). "Granting a motion for default judgment is within the trial court's discretion." *Id.* However, only well-pled factual allegations in the Complaint are deemed admitted by the defaulting party. *Sterling Nat'l Mortg. Co.*, 2011 WL 1303225 at *7. Therefore, the court must first determine whether the causes of action alleged are sufficient for a judgment to be entered. *Transamerica Corp.*, 2010 WL 1416979 at *4.

13. Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *BWP Media USA, Inc. v. Blue Wolf Media, LLC*, No. 13-61189-CIV, 2014 U.S. Dist. LEXIS 21256, at *2 (S.D. Fla. Feb. 19, 2014) (citing Fed.R.Civ.P. 55(b)). A default results in the admission of all facts in the subject complaint. *Ordonez-Dawes v. Turnkey Props., Inc.*, No. 06-60557-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 24320, at *4 (S.D. Fla. Mar. 26, 2008) (citing *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defaulting defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

14. Once the liability is admitted by way of default, the "court determines the amount and character of damages to be awarded." *Isaula v. Chicago Rest. Grp., LLC*, 2014 U.S. Dist. LEXIS 98256, 2014 WL 3477917, at *1 (S.D. Fla. July 11, 2014). In the case at hand, like cases involving "a sum certain, or a sum that can be made certain by computation,' the clerk <u>must</u> enter judgment for that amount, on request of the plaintiff." *Campbell v. Humphries*, 353 F. App'x. 334, 337 (11th Cir. 2009); *See also* Fed. R. Civ. P. 55(b)(1).

### III. The Factual Allegations and Causes of Action in the Complaint Are Well-Pled and Sufficient for Default Final Judgment To Be Entered

#### a. Liability for Breach of Contract Against Gigaa

15. By virtue of the default, Gigaa is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC.*, 561 F.3d at 1307. The operative complaint [D.E. 5, Amended Complaint filed on December 20, 2018] alleges that Plaintiff and Defendants Gigaa and Vorwaller, among others, entered into a Settlement Agreement on May 3, 2016 (the "Settlement Agreement"). (D.E. 5, ¶ 1). The Settlement Agreement provided that Gigaa granted Plaintiff an exclusive distributorship, for the duration of one year, within the territory of the United States, for the distribution of a certain medical device product manufactured by Gigaa (the "Product").[1] (D.E. 5, ¶ 2). As a further inducement for Plaintiff to agree to the settlement, Gigaa represented in the Settlement Agreement that it had not bulk sold more than ten (10) units of the Product to any one distributor or person in the year 2016. (D.E. 5, ¶ 3).

16. Despite these contractual obligations and assurances, Gigaa breached the Settlement Agreement by (a) selling Product to other people or entities for distribution within the United States, in contravention of the exclusive distributorship clause; and (b) misrepresented the number of bulk sales of Product to other distributors in the year 2016. (D.E. 5, ¶ 4). Moreover, Gigaa took affirmative steps to conceal its attempts to avoid the obligations set forth in the Settlement Agreement by modifying the wattage output after shipping the Product, and as such is liable for the damages caused due to its multiple breaches of contract. (D.E. 5, ¶ 5).

17. The Settlement Agreement sets forth obligations that are specifically applicable to

---

[1] "The Product" refers to: "the VELAS 60B (VELAS 60W 980 nm diode laser, model # VELASII60B) medical laser device manufactured by Gigaa, with the sole indication of use for pain therapy under current TMA FDA 510K . . ." (D.E. 5, Ex. A, Settlement Agreement § 2.3).

Gigaa to the exclusion of other Defendant Parties named in the Settlement Agreement. For example, Section 2.3 of the Settlement Agreement states, in part:

> As additional consideration for this Agreement, the sufficiency of which is acknowledged and consented to by all Parties, and as an inducement from Gigaa to TMA to enter into this Agreement, Gigaa hereby grants TMA an exclusive distributorship ("Distributorship") within the territory of the U.S. for, but only for, distribution of the VELAS 60B (VELAS 60W 980 nm diode laser, model # VELASII60B) medical laser device manufactured by Gigaa, with the sole indication of use for pain therapy under current TMA FDA 510K (the "Product"), for a term of one (1) year commencing on the Effective Date of this Agreement and expiring on the 366th day thereafter (the "Term") . . .

(D.E. 5, ¶¶ 24-25; Ex. A, Settlement Agreement).

18. Further, Section 2.3 of the Settlement Agreement also states:

> . . . Gigaa represents it has not bulk sold any Product units to any one distributor or person in excess of 10 Product units in 2016. If Gigaa has made such sales in excess of 10 Product units to any one distributor or person in 2016, it shall provide TMA two free Product units for every 10 Product units sold to any one distributor or person in 2016.

(D.E. 5, ¶ 26; Ex. A).

19. Gigaa sold units of the Product in the United States during the exclusive distributorship term, in contravention of the exclusive distribution clause between Gigaa and TMA, memorialized in the Settlement Agreement. (D.E. 5, ¶ 32). Moreover, Gigaa sold these units of the Product for the purpose of pain therapy, in contravention of the exclusive distribution clause between Gigaa and TMA, memorialized in the Settlement Agreement, and in 2016, Gigaa sold in excess of ten Product units to single distributors prior to the Effective Date of the Settlement Agreement – also in direct conflict with the representations made to TMA in order to induce settlement. (D.E. 5, ¶¶ 33-34).

20. In addition, in an effort to further conceal its breaches of the Settlement Agreement, Gigaa "developed" and sold another 60-watt laser with a different name and different casing even

though in all other material respects it was identical to the Product. (D.E. 5, ¶ 36).

21.     As a result, Gigaa breached Section 2.3 of the Settlement Agreement by violating the exclusive distributorship clause and by misrepresenting the number of Product sold to other customers in 2016. (D.E. 5, ¶ 38).

22.     "Under Florida law, a breach of contract arises when there exists 1) a valid contract; 2) a material breach of that contract; and 3) resulting damages." *Mobilpref SpA v. Coastal Constr. Of S. Fla., Inc.*, 2017 U.S. Dist. LEXIS 28782, *34-35 (S.D. Fla. 2014); *Kapila v. Militzok*, 2015 U.S. Dist. LEXIS 156043, *11 (S.D. Fla. 2015); *Anderson v. Branch Banking and Trust Co.*, 56 F. Supp. 3d 1345, 1353 (S.D. Fla. 2014).

23.     Here, Plaintiff and Defendants entered into a Settlement Agreement on May 3, 2016.  The Settlement Agreement was negotiated in good faith; at arms' length; and memorialized the resolution of their disputes. (D.E. 5, ¶¶ 42-43). As part of the Settlement Agreement, Gigaa was obligated to use TMA as the sole distributor for the Product in the United States, for the purpose of pain therapy. (D.E. 5, ¶ 44; Ex A at § 2.3).  Gigaa has sold the Product and substantially identical products through channels and distributors other than TMA, competing directly with TMA for sales in the United States territory and for the purpose of pain therapy. (D.E. 5, ¶ 45).

24.     Additionally, as part of the Settlement Agreement, and specifically to induce TMA to enter into the agreement, Gigaa represented that it had not sold in excess of ten Product units to any one distributor in the year 2016, prior to the effective date of the agreement.  (D.E. 5, ¶ 46). Gigaa sold more than ten units to a single distributor prior to the effective date of the Settlement Agreement, in direct conflict with the representations contained in the contract. (D.E. 5, ¶ 47).

25.     Thus, as outlined herein, Gigaa has breached the Settlement Agreement by violating the exclusive distributorship agreement, and misrepresenting the amount of Product units sold in

2016. Moreover, Gigaa has also breached the Settlement Agreement by misrepresenting the amount of Product units sold in 2016. (D.E. 5, ¶ 48). Gigaa's breaches of its obligations expressly outlined in Section 2.3 of the Settlement Agreement are not covered by the General Releases or Covenants Not To Sue, and as a result, Gigaa remains liable for all damages caused by its breaches, including attorneys' fees. (D.E. 5, ¶ 49; Ex A).

26. Each unit of the Product sold by Gigaa in violation of the Settlement Agreement's exclusive distributorship provision represents substantial lost profits for TMA. (D.E. 5, ¶ 37). Furthermore, as a result of Gigaa's breaches and misrepresentations relating to the amount of Product units sold, Plaintiff has suffered damages, including the remedies expressly contained in the Settlement Agreement, for which it is entitled to recover against Gigaa. (D.E. 5, ¶ 51).

    **b.**    <u>**TMA Suffered Damages as a Result of Gigaa's Breach of Contract**</u>

27. While Gigaa's refusal to participate in this lawsuit and discovery interfered with TMA's ability to determine the total amount of damages, through its investigation into Gigaa's sales of the Product during the exclusivity period, TMA has learned that Gigaa sold at least twenty (20) Product units in violation of the Settlement Agreement's exclusivity term. *See* Ex. A, Declaration of Dr. Bruce Coren at ¶ 6.

28. During the exclusivity period, TMA sold the Product for a profit of $30,000.00 per unit. *See id.* at ¶ 7.

29. TMA marketed the Product across the United States and would have been capable of making any sale to customers within the United States that purchased the Product directly from Gigaa in violation of the exclusivity term of the Settlement Agreement. *See id.* at ¶ 8.

30. Thus, Gigaa's sale of the Product within the United States during the exclusivity period represents $600,000.00 in lost profits to TMA. *See id.* at ¶ 9.

31.     In addition to the lost profit damages, the Settlement Agreement allows TMA to collect its attorneys' fees, expenses and costs as the prevailing party to the litigation. *See id.* at ¶ 10.

32.     TMA has been represented by two law firms in this litigation, Kaufman, Coren & Ress, P.C. ("KCR") as lead counsel, and Pike & Lustig, LLP ("P&L") as local counsel. *See id.* at ¶ 11.

33.     To date, TMA has incurred $119,104.68 in fees and costs from KCR. *See id.* at ¶ 12.

34.     To date, TMA has incurred $13,378.01 in fees and costs from P&L. *See id.* at ¶ 13.

35.     Finally, TMA is entitled to prejudgment interest at a rate of 4.97% running from the termination of the exclusivity period on May 3, 2017 until October 25, 2019 in the amount of $90,262.94 with interest in the amount of $99.74 per day thereafter.

36.     As such, TMA requests this Court enter Final Default Judgment in the amount of $822,745.63 plus $99.74 per day following October 25, 2019 against Gigaa with post-judgment interest at a rate of 4.97% running from the date of the entry of the Final Judgment.

**IV.     Conclusion**

37.     TMA's Amended Complaint properly sets forth a cause of action for breach of contract against Gigaa, and thus, all properly pled allegations are admitted as required by law. *Eagle Hosp. Physicians, LLC.*, 561 F.3d at 1303.

38.     The amount and character of the damages in this case includes the sum certain amount of the damages incurred by TMA, which includes lost profits from each Product unit sold by Gigaa during the exclusivity period, TMA's attorneys' fees and costs, and prejudgment interest in the total amount of $822,745.63 plus $99.74 per day following October 25, 2019.

39.     Thus, the Court should enter a Final Default Judgment finding Gigaa liable for breach of contract, and award TMA damages in the amount $822,745.63 plus $99.74 per day following October 25, 2019 and post-judgment interest.

WHEREFORE, Plaintiff, TECHNOLOGICAL MEDICAL ADVANCEMENTS, LLC, respectfully requests the entry of a Final Default Judgment finding Defendant, WUHAN GIGAA OPTRONICS TECHNOLOGY CO., LTD., breached the contract, and is liable to Plaintiff for a sum certain in an amount of $822,745.63 plus $99.74 per day following October 25, 2019, in addition to post-judgment interest at a rate of 4.97% should be added to an amended Final Judgment against Defendant Gigaa, and for any such other relief this Court deems just and proper.

Respectfully Submitted,

Date: October 25, 2019

**PIKE & LUSTIG, LLP**

By:   /s/Daniel Lustig
      Daniel Lustig, Esq.
      Fla. Bar No.: 059225
      1209 North Olive Avenue
      West Palm Beach, FL  33401
      Telephone: (561) 855-7585
      Fax: (561) 855-7710
      pleadings@pikelustig.com

**KAUFMAN COREN & RESS, PC**
Steven M. Coren, Esq.
Matthew R. Williams, Esq.
     *Admitted Pro Hac Vice*

*Counsel for Plaintiff*
*Technological Medical Advancements, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2019, the following parties were served via email, pursuant to the parties' agreement:

Wuhan Gigaa Optronics Technology Co., Ltd.<br>
c/o Mr. Roy Luo<br>
Email: royluo@gigaalaser.com<br>
*Representative for Defendant, Wuhan Gigaa Optronics Technology Co., Ltd.*

**PIKE & LUSTIG, LLP**

By:  /s/ Daniel Lustig
     Daniel Lustig, Esq.
     Fla. Bar. No. 59225