UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TECHNOLOGICAL MEDICAL ADVANCEMENTS, LLC, | |
| *Plaintiff,* | CASE NO: 18-81674-CIV-ROSENBERG |
| v. | |
| WUHAN GIGAA OPTRONICS TECHNOLOGY CO., LTD; and CHARLES VORWALLER, | |
| *Defendants.* | |

**DECLARATION OF DR. BRUCE COREN UNDER 28 U.S.C. § 1746**

1. I, Dr. Bruce Coren, am the Founder, sole shareholder and Chief Executive Officer of Technological Medical Advancements, LLC ("TMA"), the Plaintiff in the above-captioned matter.

2. I am personally involved in all aspects of TMA's business, including the facts underlying the current litigation.

3. On May 3, 2016, TMA entered into a Settlement Agreement with Defendant Wuhan Gigaa Optronics Technology Co., Ltd. ("Gigaa") and other parties.

4. Pursuant to the terms of the Settlement Agreement, Gigaa granted TMA an exclusive distributorship, for the duration of one year, within the territory of the United States, for the distribution of a certain medical device product manufactured by Gigaa (the "Product"). *See* Settlement Agreement at § 2.3.[1]

---

[1] As defined in the Settlement Agreement, "the Product" refers to: "the VELAS 60B (VELAS 60W 980 nm diode laser, model # VELASII60B) medical laser device manufactured by Gigaa, with the sole indication of use for pain therapy under current TMA FDA 510K . . ." Settlement Agreement § 2.3.

5. Through discussions with TMA's packaging and delivery vendor and other individuals within the industry, including other distributors of medical laser products, I learned that Gigaa sold units of the Product in the United States during the exclusive distributorship term, in contravention of the exclusive distribution clause between Gigaa and TMA, memorialized in the Settlement Agreement.

6. Based on these conversations and additional investigations made pursuant to this lawsuit, I have concluded that Gigaa sold at least twenty (20) Product units in violation of the Settlement Agreement's exclusivity term.

7. During the exclusivity period, TMA sold the Product for a profit of $30,000.00 per unit.

8. TMA marketed the Product across the United States and would have been capable of making any sale to customers within the United States that purchased the Product directly from Gigaa in violation of the exclusivity term of the Settlement Agreement.

9. Thus, Gigaa's sale of the Product within the United States during the exclusivity period represents $600,000.00 in lost profits to TMA.

10. In addition to the lost profit damages, the Settlement Agreement allows TMA to collect its attorneys' fees, expenses and costs as the prevailing party to the litigation. *See* Settlement Agreement at § 5.

11. TMA has been represented by two law firms in this litigation, Kaufman, Coren & Ress, P.C. ("KCR") as lead counsel, and Pike & Lustig, LLP ("P&L") as local counsel.

12. To date, TMA has incurred $119,104.68 in fees and costs from KCR. True and correct copies of KCR's invoices are attached hereto as Exhibit 1.

13. To date, TMA has incurred $13,378.01 in fees and costs from P&L. True and correct copies of P&L's invoices are attached hereto as Exhibit 2.

14. Accordingly, before interest, Gigaa's breach of the Settlement Agreement caused TMA damages in the amount of $732,482.69.

15. I have reviewed the foregoing Motion for Entry of Final Judgment by Default and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October ___, 2019

_____
Dr. Bruce Coren